Well have you all had your fill of anticipation counsel be the last case this morning? Blue Valley Hospital 18 3 1 1 7. Mr. Tiedemann. Did I get it right? Your Honor, I'm Kurt Tiedemann. I represent Blue Valley Hospital with me at counsel table is my partner Andrew Rickey. Also with me in the gallery today is another partner of mine next to him is the CEO of Blue Valley Hospital Mr. Todd Wells. Welcome all of you. I'd like to reserve three minutes for rebuttal with your permission and I hope to be able to use it but if I eat into it a little bit I'll use whatever's left. This case comes to you for de novo review based on a dismissal for a lack of subject matter jurisdiction under Rule 12b 6. The underlying action is one for an injunction in which Blue Valley Hospital sought to enjoin CMS from terminating its Medicare provider contract without due process. Because the continued participation under that agreement is a property right the due process clause of the Constitution requires a pre-termination hearing pre-termination before that right can be terminated. Let me ask you what the status is of your administrative proceedings. Are they? They're filed and we're waiting. You mean they're final? I'm so you had a hearing before the administrative agency? We have not had a hearing no we've not we filed it and there it's it's in the loop. Okay nothing's happened in that? There have been exchanges of paper you know planning there's. Did you say filed or final? Filed. F-I-L-E-D. We filed it. It sounds like final to me. Oh I'm sorry. No it has been filed. I believe we are set for currently I think we're set for some kind of hearing in June which will be our first appearance before the ALJ. That was filed a year ago anyway right? Yes. Geez. Yeah. Okay. Yeah. I expect to come here and find this case was moved because you had your hearing. No I wish but it but it isn't. As you know. Doesn't that highlight the point that this case could be moved that you might have had your hearing and prevailed and that that's why you have administrative exhaustion rules and that's why the courts don't get involved at cases until the administrative process has run its course. And that is the general rule. Exactly what Judge Robinson said and then you said in response well no judge you shouldn't dismiss because they're pendant constitutional claims that still remain but why aren't those also not final or not even right for adjudication until you run through the administrative process because you could get your relief administratively. Well I think and if you look at footnote 95 of the court's opinion the court acknowledges that in this case a retroactive payment of amounts due will not properly remedy Blue Valley Hospital because in effect if we don't get the decision made if we don't get a pre-hearing determination the hospital is subject to going out of business and all of those patients will not be treated. That is and to answer your question very succinctly judge the answer to your question is why is this case different. This case is different because of Matthews versus Eldridge and and the collateral claim rule which was made in that case and which has been actually even acknowledged in this court in the Tenth Circuit in the corporal case in I believe it was 1986. In fact I will I will recommend for your reading a recent case that was decided in 2018 in the Fifth Circuit that is the family rehab versus Azar case in which in a pre-termination hearing the Fifth Circuit did exactly what I asked the district court to do and what I'm asking you to do. And is that parallel factually on the exhaustion issue as well? Yes I think it is. I think it is. Likewise so is so is Matthews versus Eldridge. I'm sorry? That's the case cited in your brief. Yes it is. What's the name of it? That case the Fifth Circuit case is the family rehab case family rehab versus Azar 2018 case out of the Fifth Circuit so pretty recent. And I think what we really need to keep in mind here is that you know I'm really just trying to get in the door. We got kicked out on jurisdiction and the district court kicked us out based on the administrative channeling requirements of section 405 G which your honor just mentioned. And the Matthews versus Eldridge case basically said that if you have a colorable procedural or constitutional claim which is wholly collateral to the substantive relief sought at the administrative level in that case the court has jurisdiction they can waive the finality requirement and get to the question of whether or not an injunction is appropriate before you get to a final determination on merits. The government doesn't really challenge that proposition of law they just say this is this is not a colorable claim because there's Tenth Circuit law to the contrary and it's not really collateral because what you're arguing isn't a general proposition regarding the need for due process but you're essentially saying the decision in this case was so irregular that you need a real hearing but that really is the heart of the case it's not a I think in a general way you are collaterally it isn't is it a collateral claim and is it a colorable procedural or constitutional claim the court found against me on both of those and so I have to convince you that that was wrong and so and so here goes the reason that this is a collateral claim is because we're not asking the district court to jump in and decide the issues in the administrative appeal we only ask for an injunction while those things get decided or while we have a pre-termination hearing which we are absolutely entitled to and which frankly no one claims we have had. But your merits on the merits of your claim for an injunction is saying you're entitled to another hearing because otherwise you're deprived to due process and we have a case saying that I'm terrible with names saying that you're not entitled to a hearing on these matters the statute wasn't written to protect you it's to protect the people who need your services and your response is but here it was really unfair and in essence to rule in your favor on the due process issue wouldn't we actually have to address the merits and say well wouldn't we have to? The answer is unequivocally no you would not and we are only at the jurisdictional level and the question is whether or not the district court can exercise jurisdiction I'm gonna make a distinction for you between the cases that find the Matthews versus Eldridge exception applicable and those that don't. What is your best case for the proposition that you have the standing to assert the interests of your patients? I mean how are we to know it hasn't been adjudicated whether in fact it's the your patients whose rights you seek to an injunctive relief petition part of that is is a judgment about what is the effect on public so I do think that is part of the analysis I will also again point out footnote 95 in which even the district court said that I had had met that particular level but but if I might get to the distinction between what is that in every case including the Matthews case and including the corporal case which was a 10th Circuit case back in 1986 and including the family rehab case which I cited to you the 5th Circuit case each one of those case cases is the lack of a pre-termination hearing that's what they have in common where the district court went wrong is applying this inextricably intertwined language that comes from the heckler-versus-ringer case I'll tell you why that's wrong the heckler-versus-ringer case is not a pre-termination hearing case it is a case where where Medicare recipients were trying to establish through the administrative process their right to have certain surgeries done they were trying to establish that right it was not a case where the property interest or the Liberty's interest existed and it was a question of how you terminate it they were trying to establish that right in that context the United Supreme States Supreme Court said hey really this is not a constitutional case you're just trying to establish the right to these surgeries and in that case the cases are inextricably intertwined but you're denied said you don't have a right to a hearing yes yes and to distinguish that you had to make an argument that seems to me comes is pretty pretty close to the merits how do you look so maybe I misunderstood your argument how do you distinguish geriatrics why does that okay show that if I remember the geriatrics case it's the one I'm thinking of I believe the court in that nursing home case yeah found jurisdiction then did the flexible due process analysis and found that there was no claim right right so and the reason I haven't got I haven't had the benefit of that no no no but what it shows is what it said is you have no right to a hearing okay so that shows that your claim here is in color what right you tried to distinguish it and so explain how you distinguish okay on to show that you have a colorful here here's here's how the distinguish the difference between actually finding a due process violation and finding whether there is an allegation a colorable allegation of a violation of due process are two different things one is based on the pleadings one is based on facts all right you in that case you found jurisdiction then you applied the flexible test with respect to the level of due process do and found that it did not did not entitle the claimant in that case to a hearing I was not able to it was at a very general level it said a Medicare and Medicaid provider doesn't have doesn't have a due process right to a hearing dismissing it as a provider and that's a very general statement and it might very well be if that's correct if that applies here you don't have a colorable claim and as I understood that case I'm sorry no no no I feel like you talk that case stands for the proposition that in my case yes there is entitled to a review to determine whether or not and at what level of due process my client is entitled prior to the termination that's what that case stands for and in fact I think they are all pretty consistently in that same thing what happened at the district court here was the trial court said I'm going to go ahead and dive into the facts and I'm going to use that as my colorableness argument when instead she should have found jurisdiction and then let me have a hearing and fully flesh out the level of due process which I think considering the the promulgation of a retroactive immediate rule in this particular case would have unquestionably I hope allowed me to get a pre-termination hearing at least that's the argument and that's how I would about a minute left and if you don't mind I think I'll try to reserve that all right all right may it please the court my name is Robin Anderson and I'm here on behalf of the United States and I just wanted to address some of the things that the court was just discussing with Mr. Tiedemann the entitlement to case under Matthews requires both a collateral claim and a colorable claim that's well-established law going back 40 years the problem with Blue Valley's cases they have neither so the distinction they're trying to make on saying that colorable doesn't require showing success on the merits it doesn't really get them anywhere if they can't also show a collateral claim Blue Valley's problem in this case is that their case is in no way collateral their TRO motion before the district court premised their likelihood of success on the likelihood of them winning their administrative case the arguments they lay out wait a minute repeat repeat that please slow down I will do my best I'm sure you've never been told that only seven or eight hundred times Blue Valley's TRO motion before the district court when it went through the four factors argued that it's likelihood of success was not on prevailing on any sort of due process claim to a pre-termination hearing but a likelihood of them winning their administrative case so if that's the case then there's no way for the court to issue any relief in this case injunctive or otherwise because they would necessarily have to dive into the issues before the administrative work and I think you can compare Blue Valley's complaint in this case the due process violations they allege in paragraph 86 you can look at their administrative appeal which is part of the record and see jot for jot the arguments are the same so there's essentially no valid argument here that Blue Valley's claim in this case is any way collateral to their administrative case they're as Judge Robinson found nearly identical that's all part of the appellate record that is and I can provide you patient numbers if you'd like I'm just a few things about the family rehab case I would argue that the more directly comparable case is out of the Sixth Circuit and that's Cathedral Rock cited in the government's brief in that case much like in this case the provider was terminated and filed a lawsuit either the same day or the day before the termination went to effect that's the same as in this case in family rehab the provider had I think accomplished two out of the four administrative steps but the third step had a three-year backlog Blue Valley's ALJ hearing in this case is set for June 19th so I think Cathedral Rock is much more distinguishable and Cathedral Rock found as Judge Robinson did that there's no jurisdiction in this type of case you seem to be conceding that it's a colorable claim I am NOT conceding that it's color are you arguing the point I would definitely not under geriatrics I think it's clearly not a colorable claim in fact I've not found yet an appellate court that's found this claim to a pre-termination hearing by a Medicare provider to be a colorable claim in fact the only pre-termination hearing that I know of is in the Goldberg case which was the kind of precursor to the but I am how do you read the the Fifth Circuit case that he cited family family rehab I lost my internet connection so I wasn't able to look it up just I'm sorry how do I yeah how do you distinguish it seems to rely on that into a hearing just well I think in that case like I was saying the backlog was three years did they give a provider right to a go into federal court in that case it was it an assessment of overpayments and they had reached the administrative part in the administrative process where they would had to have repaid those overpayments and so because of the backlog and there was also some slightly different jurisdictional arguments not solely under Matthews I think there was an ultra bureaus claim in that case as well which would distinguish it from but I thought you said there were no cases allowing a provider hearing and then you seem to be conceding that that case did allow a court to require a hearing to a provider before the administrative process had terminated I think I'm not sure that they issued the pre-termination hearing but they might have accepted jurisdiction and then rejected the substantive claim to a pre-termination hearing that's exactly what they did in Matthews as well so there's cases where you can find that they apply Matthews and the color all they do the analysis under Matthews for a colorable claim in collateral claim and they might assert jurisdiction but then they deny the relief sought because there's no likelihood so they found it was collateral they thought it was colorable enough to give them jurisdiction but then they said you don't have a right to a hearing is that right and there's many cases that do that the one that comes to mind that has the most sort of fulsome analysis is the Goss case it's a district court case but it has a very well established or well set out analysis and in that case they actually go through all the appellate cases that have denied a pre-termination hearing in the context of a Medicare provider so I would argue that that there's neither a colorable or a collateral claim here and the problem for Blue Valley is that you do have to look at the merits of the underlying claim at the kind of underlying nature the factual background of what's going on because that's an integral part of the jurisdictional analysis and it's not enough to just come and say hey I'm asserting this claim please let me in the door and then we'll deal with the fallout of that later Matthews is a pretty strict test because it is the only way to get around what's a very well established and long-held statutory exhaustion process under section 405 and I would think that Blue Valley's arguments in this case in arguing that their that their due process claim is based on the essentially the wrongfulness of their case of their particular circumstances is what makes their claim in no way collateral it's in every way tied to the outcome of the termination decision not the process and that's very different than in Matthews where the plaintiff there was challenging the process generally not necessarily as it applied to him so I'm looking at the family rehab case here and I'm just gonna read you a piece of it sounds a lot like what you're opposing counsel's arguing here and this is begins with the government's rebuttals are unavailing first it contends that by attempting to prevent the recoupment of its Medicare payments family rehab effectively seeks substantive relief not so family rehab seeks only the temporary suspension of recoupment until a hearing which is quite different from a permanent reinstatement of the benefits and that seems to me that they're the Fifth Circuit was saying look we're gonna preserve the status quo here and that seems what they're asking for their they're not asking for us to determine that they're right they're just asking for the opportunity to you know present present their case before they're put right and so how do you how do you get around that well I think that you have to take a close look at their complaint we're not even a close look if you look at their prayer for relief and also their reply brief Blue Valley isn't asking for a preacher a pre-termination hearing they're not asking for this injunction just to take them through the ALJ's hearing scheduled in June they want it to last through any appellate the through the Department Appellate Board the appeal of that ALJ decision and any subsequent judicial review their complaint also requests that the court if and when it becomes necessary to issue a permanent injunction against them being terminated so Blue Valley is not asking for a pre-determination hearing they're asking for enough hearings that what if we construed is just asking for a pre-termination I think that would be guided by geriatrics it's clearly not a right providers have isn't it I mean assume they asked for all that stuff I mean isn't it possible that their position is correct as to some of it and incorrect as to other parts maybe maybe they don't have a right to an injunction on some of that but maybe they do have the right to an injunction on the pre-termination hearing idea well I'm not sure how they can show a likelihood of success when winning on the pre-termination hearing claim when maybe not all courts but nearly all courts have rejected that as a color will claim that would somehow single Blue Valley out as the provider that gets a hearing before the termination decision can go into effect and it's not a situation where Blue Valley hasn't already had some process there was a written back and forth before the the notion that you could just get an injunction on this one issue kind of overlooks the true nature of Blue Valley's case but also sets a pretty dangerous precedent for Medicare and trying to make effective administrative decisions well let's talk let's talk about jurisdiction so the district court here kicks it out on jurisdiction the family rehab case says no there is jurisdiction to hear that I mean presumably they could still go back to Robinson's order actually noted that even if she had taken jurisdiction excuse me she would have denied the injunction right as there's no color will claim so that might be I mean that's advisory I don't have jurisdiction but if I did I would deny it so she seems like I mean maybe they get maybe they lose again maybe that's already the writings on the wall but the don't you think that the jurisdictional determination I mean at least as far as when you're comparing it to this family rehab case it may be wrong well I would dispute that it's wrong and again I would draw your attention to the Cathedral Rock case which I think was cited by Judge Robinson as the more analogous case and I dispute the idea that it's the correct outcome that Blue Valley has asserted both a collateral and a colorable claim here saying that you want a pre-termination hearing in the general sense might have worked under Matthews analysis might have worked in the Matthews case because there was sort of a vindication of this right in general and when the court in Matthews looked at the right to a pre-termination hearing for Social Security disability benefits it had nothing to do with mr. Eldridge's case the second part of that opinion I'm not even sure mentions mr. Eldridge it was to disability benefit recipients generally that's very different than they and only they deserve this pre-termination hearing because the decision was so wrong there's no way for any court to evaluate that claim without looking at whether that decision was right or wrong which would require the court to immerse itself in a matter that's still pending before the agency so I think without a color book or a collateral claim and without a colorable claim as well I don't think they can win on jurisdiction there are no further questions no further questions but you might talk to your boss after mr. McAllister and ask him to tell you a story about when one of his students was speaking to you know the story I don't but I'm sure speaking too fast before the Supreme Court it's a great story well I'm always open to hearing any tips on solving this problem well I've got a tip then if you really are sincere I think I'd find an undergraduate school somewhere and take a kite course in a rhetoric okay just to slow it down and articulate your points your words so that they're clear because from where I sit I just hear a blur especially the faster you go the crisper the blur becomes I just have a lifetime in my career shall I tell that story please so Steve McAllister used to the US Attorney he's a clerk for Rehnquist one of the Supreme Court justices and he taught appellate advocacy at University of Kansas Law School and he had a case before the Supreme Court in which the opposing attorney was a former student and she gets about a minute or two into the argument and he scribbles a note and puts it on her podium I mean you don't do this in Supreme Court arguments yeah write notes to opposing counsel and the note said slow down he was still teaching her well it's well taken and I I always say to lawyers when I can't hear them if I can't hear you I can't help you so it's just a good rule not just for one lawyer but just as a general advocacy tip for all lawyers certainly don't think we're picking on you thank you very much for your argument thank you for your time we just asked that you affirm the district courts decision and if there's any thank you for your time and we merely ask you to affirm the district courts decision and if there's any questions my brief is more slowly written thanks for the good briefing you've got about 10 minutes of material you want to get in one minute so okay first of all mr. Ricky reminded me that the geriatrics is not a subject matter jurisdiction case which I thought was correct and it was not even that was not even the issue on appeal so that the review that was done at that stage was an overall application of due process principles not a colorableness analysis but but if it was a holding and that holding shows that your claim is not colorable then it's relevant for that purpose let me let me point out something else I think we have all acknowledged including opposing counsel here that there are many many cases which find jurisdiction and then go on to find but no there is no additional due process necessary I believe first of all that I've established a colorable claim and that if I get to take that next step because of this rulemaking issue which by the way was just heard last week in the Supreme Court in the Alina case which I not only was not only is my claim colorable I think judge Robinson was dead wrong when she said that there is no right to a notice and comment period for this kind of rule not just colorable wrong I think that's very important in this case and I think just the fact that certiorari was granted in that case in an opinion that was written by Brett Kavanaugh before he went on the court in the DC Circuit just got cert granted and the argument was last week this is more than a colorable case this is a good due process case and so if we look at it to me it's the difference between granting a summary judgment and deciding a case after you've listened to all of the facts colorableness is just do I get in the door I'm not claiming I've proven my case yet but I think we've gotten in the door and certainly with that Alina case part of getting in the door so you're in the door it's part is approving your case do you have to establish likelihood of success of the merits to get an injunction of the administrative case oh not of the administrative case I don't think so I think it would just be that I would be the likelihood of success on the merits of getting a permanent injunction thank you yeah yeah further from my colleagues and hearing nothing I cases submitted counsel are excused and please forgive us for injecting ourselves into personal advice but it's always good for young lawyers to hear I think the court is in recess until tomorrow morning and the clerk will announce the recess